J-S31003-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LARRY D. NICHOLAS | : | |
| | : | |
| Appellant | : | No. 693 EDA 2025 |

Appeal from the PCRA Order Entered February 21, 2025
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1207101-1998

BEFORE: PANELLA, P.J.E., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY PANELLA, P.J.E.: **FILED OCTOBER 27, 2025**

Larry D. Nicholas appeals pro se from the order of the Court of Common Pleas of Philadelphia County dismissing his fifth petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 6541-6546. The PCRA court dismissed the petition because it was facially untimely and Nicholas failed to plead and prove any exception to the PCRA's time bar. Upon review, we affirm.

In affirming the dismissal of Nicholas's fourth PCRA petition, this Court summarized the underlying post-conviction procedural history.

> On January 11, 2001, a jury convicted Nicholas of first-degree murder and related firearms offenses. The charges stemmed from the 1998 shooting death of Victor Garrett. On March 7, 2001, the trial court sentenced Nicholas to a mandatory term of life imprisonment for murder and consecutive sentences of 12–24 months' incarceration for the remaining offenses. Nicholas filed a timely direct appeal; our Court affirmed his judgment of sentence on December 13, 2002. Nicholas did not file an appeal to the Pennsylvania Supreme Court or the United States Supreme Court.

Nicholas filed three PCRA petitions on December 17, 2003, January 17, 2008, and August 5, 2008. They were all dismissed. The [] petition, filed on May 2, 2017, [was] his fourth. The court dismissed [Nicholas's fourth] petition on July 5, 2017.

**Commonwealth v. Nicholas**, No. 2380 EDA 2017, 2018 WL 2672424, at *1 (Pa. Super. filed June 5, 2018) (unpublished memorandum).

The present appeal involves Nicholas's fifth PCRA petition. On October 10, 2023, Nicholas filed a pro se PCRA petition. Nicholas alleged that the Commonwealth committed a **Brady**[1] violation by failing to disclose evidence about the supposed misconduct of Detective Leon Lubiejewski. Detective Lubiejewski was the lead detective and testified at Nicholas's homicide trial. Nicholas alleged that Detective Lubiejewski committed misconduct in two prior cases and that the Commonwealth knew of this at the time of his trial but failed to disclose the information. The PCRA court issued a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907. Nicholas filed a response, and on February 21, 2025, the PCRA court dismissed Nicholas's petition as untimely. Nicholas timely appealed.

On appeal, Nicholas raises the following issue.

The PCRA Court erred in concluding that [Nicholas's] petition was untimely filed without having invoked one of the three statutory [timeliness] exceptions pursuant to his claim regarding **Brady** . . . where the Commonwealth failed to turn over Detective Leon Lubiejewski's police misconduct report which was in its sole possession during [Nicholas's] trial.

---

[1] **Brady v. Maryland**, 373 U.S. 83 (1963).

- 2 -

Appellant's Brief, at 5 (unnecessary capitalization omitted).

As this Court has previously recognized, Nicholas's fourth PCRA petition was facially untimely. *See Nicholas*, No. 2380 EDA 2017, 2018 WL 2672424, at *1. Thus, it follows that his fifth PCRA petition is also facially untimely. "Questions regarding the scope of the statutory exceptions to the PCRA's jurisdictional time-bar raise questions of law; accordingly, our standard of review is *de novo.*" *Commonwealth v. Fahy*, 959 A.2d 312, 316 (Pa. 2008) (citation omitted).

> The PCRA timeliness requirements are jurisdictional in nature. *Commonwealth v. Cox*, 636 Pa. 603, 146 A.3d 221, 227 (2016). Accordingly, "if a petition is untimely, and none of the timeliness exceptions are met, courts do not have jurisdiction to address the substance of the underlying claims." *Commonwealth v. Wharton*, 669 Pa. 625, 263 A.3d 561, 570 (2021) (citation omitted). "It is the petitioner's burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Robinson*, 635 Pa. 592, 139 A.3d 178, 186 (2016) (citation omitted). "Whether a petitioner has carried his burden is a threshold inquiry that must be resolved prior to considering the merits of any claim." *Id.* (citation omitted).

*Commonwealth v. Mickeals*, 335 A.3d 13, 20 (Pa. Super. 2025) (brackets omitted).

An untimely PCRA petition may be considered timely if the petitioner pleads and proves one of the following exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petition invoking a timeliness exception must be "filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Nicholas asserts that his PCRA petition is timely under the newly discovered fact exception to the timeliness requirement.[2] To satisfy the newly discovered fact exception "the petitioner must establish only that (1) the facts upon which the claim was predicated were unknown and (2) they could not have been ascertained by the exercise of due diligence." *Commonwealth v. Staton*, 184 A.3d 949, 955 (Pa. 2018) (citation omitted). "Due diligence does not require perfect vigilance and punctilious care, but merely a showing the party put forth reasonable effort to obtain the information upon which a claim is based." *Commonwealth v. Branthafer*, 315 A.3d 113, 128 (Pa. Super. 2024), *appeal denied*, 333 A.3d 1266 (Pa. 2025) (citation and brackets omitted). "The facts must be newly-discovered not merely newly-discovered

_____

[2] Although in his argument heading Nicholas also asserts that he properly invoked the interference by government officials timeliness exception, he sets forth no argument as to how he met that exception. *See* Appellant's Brief, at 5-6; Reply Brief, at 1-2. Thus, we decline to address it.

or newly-willing sources that corroborate previously known facts or previously raised claims." *Mickeals*, 335 A.3d at 21 (citation and internal quotation marks omitted). Further, "while we need not find a direct connection between the newly-discovered facts and the claims asserted by a petitioner, the statutory language requires there be some relationship between the two." *Commonwealth v. Shannon*, 184 A.3d 1010, 1017 (Pa. Super. 2018) (internal quotation marks omitted).

Nicholas argues that he filed his petition within one year of learning from a fellow inmate in June 2023, through "official legal documentation," about Detective Lubiejewski's "misconduct history, regarding his unconstitutional pattern and practice of fabricating and coercing witness's statements[,] as well as failing to conduct 'in good faith investigations' into cases where he was the lead detective[.]" Appellant's Brief, at 5. He asserts that the prior misconduct was unknown to him and could not have been ascertained through the exercise of due diligence. *Id.* at 6. Further, he argues that had Detective Lubiejewski's prior misconduct been known at trial, that information could have been used on cross-examination to question his credibility regarding his investigation of Nicholas. *See id.* at 8-10. According to Nicholas, this warrants a remand for an evidentiary hearing or a new trial. *Id.* at 10.

The PCRA court aptly explained why Nicholas failed to establish a timeliness exception.

> [Nicholas] attempts to establish the newly discovered fact exception, 42 Pa.C.S.A. § 9545 (b)(1)(ii), and or the

governmental interference exception, 42 Pa.C.S.A. § 9545 (b)(1)(i), to the PCRA's time bar based upon the alleged fact that a police officer engaged in police misconduct while working on his case. *See* Petitioner's Subsequent PCRA Petition, 10/10/2023, p. 7, 11-12. Specifically, [Nicholas] appears to be asserting that Philadelphia Detective Leon Lubiejewski falsely testified against [Nicholas] at his trial, but he fails to indicate what, if any, purportedly false statements Detective Lubiejewski made in his testimony. *See id.* at 12. [Nicholas] claims to have discovered the alleged fact at issue in "June of 2023" when he was purportedly informed about the existence of prior cases wherein there was purportedly "an unconstitutional 'pattern and practice' [of misconduct] within the [Philadelphia Police Department's] homicide unit[.]" *Id.* at 4.

At the outset, this [c]ourt finds that [Nicholas] has failed to substantiate the alleged fact that Detective Leon Lubiejewski engaged in misconduct while working on his case. Instantly, the only evidence offered in support of the alleged fact at issue is [Nicholas's] citations to unrelated criminal cases with no connection to his own case. Moreover, [Nicholas] does not even attempt to indicate what, if any, aspects of Detective Lubiejewski's testimony at his trial were allegedly false. The purported fact that the officer in question was found to have engaged in police misconduct in other unrelated cases, even if true, is not sufficient to establish that this officer engaged in misconduct in [Nicholas's] case. *See Commonwealth v. Reeves*, 296 A.3d 1228, 1233 (Pa. Super. 2023) (holding that newspaper articles referencing misconduct by police officers in matters unrelated to the PCRA petitioner's case do not constitute newly discovered facts). Thus, [Nicholas] has failed to substantiate the alleged fact at issue and his failure to do so is fatal to his time bar claim.

Alternatively, [Nicholas] attempts to establish the newly discovered fact, and or governmental interference, exception based on the alleged fact that the prosecutor in his case withheld evidence from the defense in violation of *Brady*. Petitioner's Subsequent PCRA Petition, 10/10/2023, p. 3. [Nicholas] appears to be arguing that the prosecutor in his case possessed a "police misconduct report" indicating that Detective Lubiejewski engaged in misconduct in prior cases, and that their purported failure to disclose this information to the defense constituted a *Brady* violation. *See id.* at 3-4, 11-12. [Nicholas] fails to provide any details about the purported "police misconduct report" that he is

claiming the prosecution possessed and fails to indicate how he discovered the alleged fact that they possessed this purported evidence at the time of his trial.

This [c]ourt finds that [Nicholas] has failed to substantiate the alleged fact that the prosecutor in his case withheld evidence in violation of **Brady**. Instantly, [Nicholas] fails to provide any evidence or point to anything in the record that indicates that the prosecutor in his case possessed any evidence that the officer in question was found to have engaged in prior misconduct at the time of his trial, let alone that they withheld such evidence from the defense in violation of **Brady**. [Nicholas's] vague and unsupported assertion that the prosecution in his case possessed some sort of police misconduct report at the time of his trial is wholly insufficient to substantiate the alleged fact at issue. Thus, [Nicholas] has failed to establish the newly discovered fact exception, and or the governmental interference exception, to the PCRA's timeliness requirement on this basis.

PCRA Court Opinion, 2/21/25, at 1-3 (footnotes omitted).

We agree with the PCRA court's reasoning and adopt it as our own. We further add that Nicholas did not attach the "official legal documentation" he claimed to receive from a fellow inmate to his PCRA petition, and that this information was hearsay. Inadmissible hearsay cannot form the basis of the newly-discovered fact exception. **See Commonwealth v. Abu-Jamal**, 941 A.2d 1263, 1269-70 (Pa. 2008). Therefore, Nicholas failed to establish a timeliness exception. Thus, the PCRA court lacked jurisdiction and we affirm the order dismissing Nicholas's fifth PCRA petition.[3]

_____

[3] As the Commonwealth points out, there has never been a finding that Detective Lubiejewski committed misconduct in the two cases that Nicholas alleges. **See Commonwealth v. Cam Ly**, 980 A.2d 61, 71 (Pa. 2009) (noting that Detective Lubiejewski asked New York police for the identifying
*(Footnote Continued Next Page)*

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/27/2025

_____

informant's identity but that New York police refused to divulge it); **Domenech v. City of Phila.**, 2009 WL 1109316, at *11 (E.D. Pa. Apr. 23, 2009), *affirmed*, 373 F. App'x 254 (3d Cir. 2010) ("Plaintiffs have failed to present evidence sufficient to create a factual dispute as to whether Defendant Lubiejewski knowingly provided false information to the District Attorney's Office.").